CONNECTICUT HOSPITAL
ASSOCIATION, et al.

v.

William A. O'NEILL, et al.

Civ. No. 3–90–714 (WWE).

United States District Court,
D. Connecticut.

June 12, 1995.

Maureen Weaver, Alan G. Schwartz, Keith M. Krom, Denise M. Bourque, Jeffrey R. Babbin, Daniel McKendree Sessa, Wiggin & Dana, New Haven, CT, Fredric J. Entin, American Hosp. Ass'n, Chicago, IL, for plaintiffs.

Phyllis D. Thompson, Covington & Burling, Washington, DC, Phyllis E. Hyman, Kenneth H. Kennedy, Jr., Peter L. Brown, Atty. Gen. Office, Hartford, CT, Heather Wilson, Maite Barainca, Arnold I. Menchel, Henry A. Salton, Atty. Gen. Office, Health & Human Services, Hartford, CT, Kenneth A. Graham, Atty. Gen. Office, Bridgeport, CT, for defendants.

Deirdre Anne Martini, U.S. Atty's Office, Bridgeport, CT, for Donna Shalala, Sec. of HHS, third-party defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

EGINTON, Senior District Judge.

### I. FINDINGS OF FACT

On March 30, 1994, this court issued a preliminary injunction ordering the State to reimburse plaintiff hospitals based on Medi-

care reasonable cost principles. Plaintiffs posted bonds totaling approximately $47 million, pursuant to Fed.R.Civ.P. 65(c), reflecting the increased payments the State was required to make under the reasonable cost reimbursement system. The bonds provided the State with security should this court later decide that the State Medicaid reimbursement system was substantively on all fours with federal law.

On January 30, 1995 the United States Court of Appeals for the Second Circuit vacated the March 30, 1994 preliminary injunction. *See Connecticut Hospital Ass'n v. Weicker,* 46 F.3d 211, 213 (2d. Cir.1995). In March of 1995 the State informed plaintiff hospitals that any payments tendered during the life-span of the March 30, 1994 preliminary injunction that exceeded reimbursement rates required by the Medicaid reimbursement system would be recouped via deductions from future Medicaid reimbursement checks. In response, plaintiffs filed with this court an Expedited Motion for a Ruling on the Proper Disposition of Injunction Payments and for an Immediate Stay of Recoupment of Injunction Payments.

A hearing on plaintiffs' Motion was held on April 21, 1995. Following oral argument, this court issued a temporary restraining order through May 8, 1995 preventing the State from recouping alleged overpayments made to care providers pursuant to the March 30, 1994 preliminary injunction. Two further hearings ensued on May 8, 1995 and May 22, 1995. Subsequent to the May 8, 1995 hearing, the previously issued temporary restraining order was extended through May 10, 1995.

The following question of law was argued before the court on the aforementioned hearing dates: can the State unilaterally recoup alleged overpayments made to care providers during the March 30, 1994 injunction period thereby effectively bypassing a proceeding on the injunction bonds? This central issue raises the specter of the Eleventh Amendment and the ability of the court to order the State to attempt remuneration via the injunction bonds before implementing recoupment.

On May 22, 1995, this court ruled from the bench that, pursuant to Fed.R.Civ.P. 65(c), Fed.R.Civ.P. 65.1 and the decision in *National Kidney Patients Ass'n v. Sullivan,* 958 F.2d 1127 (D.C.Cir.1992), the State Defendants must first seek relief for the alleged overpayments via the bonds posted in conjunction with the March 30, 1994 preliminary injunction before exercising any existing recoupment procedure. Accordingly, following the May 22, 1995 hearing, a preliminary injunction was issued by this court enjoining the State Defendants from taking any action to recoup prior to an injunction bond proceeding.

## II. CONCLUSIONS OF LAW

### A. JURISDICTION

When this court ordered plaintiffs to post bonds as security should the State's Medicaid reimbursement methodology prove consistent with federal law, an orderly avenue of recovery was created in the event the State was found to have been wrongfully enjoined. Fed.R.Civ.P. 65(c) states in pertinent part: "No ... preliminary injunction shall issue except upon the giving of security by the applicant ... for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined." Furthermore, Fed.R.Civ.P. 65.1 empowers the State Defendants to seek remuneration via the injunction bonds.[1] Therefore, two rules of procedure exist, one anticipating and the other providing, a method of recovery for a party aggrieved by an injunction.

■ The Supreme Court has stated that when a district court's decree has been reversed, "[j]urisdiction to correct what had been wrongfully done must remain with the [district] court so long as the parties and the case are properly before it, either in the first instance or when remanded to it by an appellate tribunal." *Northwestern Fuel Co. v.*

---

1. While the language of Rule 65.1 refers to actions against a surety, the Rule has been interpreted to permit enforcement of the principal's liability in an injunction bond hearing where the principal is a party to the main action and subject to the jurisdiction of the court. 7 (Part 2) *Moore's Federal Practice* ¶ 65.1.05, at 65.1–13 (1995); *e.g., Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 910 F.2d 1049, 1056 (2d Cir.1990).

*Brock,* 139 U.S. 216, 219, 11 S.Ct. 523, 524, 35 L.Ed. 151 (1891). This court possesses jurisdiction to redress any harm suffered by the State Defendants as a result of the March 30, 1994 preliminary injunction in light of the Second Circuit's remand and the guidelines of the Federal Rules.

The Eleventh Amendment does not bar the court from retaining jurisdiction over the injunction bonds and issuing a preliminary injunction in support of such. The Eleventh Amendment prevents a federal court from imposing a retroactive damage award on a state. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). The May 22, 1995 preliminary injunction only impacts the State prospectively by staying recoupment. The plaintiffs are not seeking damages from the State, but rather are attempting to prevent the State from implementing a self-help remedy. Therefore, the Eleventh Amendment does not bar this court from granting prospective relief which merely prevents the State from reducing future Medicaid payments until the court can determine the proper amount of remuneration in the context of an injunction bond hearing. *See Turner v. Ledbetter,* 906 F.2d 606, 609–610 (11th Cir.1990).

## C. RECOVERY ON THE INJUNCTION BONDS v. RECOUPMENT

The United States Court of Appeals for the District of Columbia's ruling in *Nat'l Kidney Patients Ass'n v. Sullivan,* supra, is controlling on the issue of when a party aggrieved by a wrongful injunction should proceed on an injunction bond and when it should proceed with self-help methods of restitution. In *Nat'l Kidney,* the court distinguished between the recovery of damages pursuant to an injunction bond and restitution via statutory recoupment procedures for overpayments. The court therein directed the parties to an evidentiary hearing on the bond when a federal agency moved to recoup Medicare payments made under a wrongful injunction. The court made clear that restitution is an equitable doctrine which can only be invoked if the damages recovered on the injunction bond prove inadequate. *Id.* at 1134–1137.

In the case at bar, approximately $47 million was posted by plaintiff hospitals in conjunction with the March 30, 1994 injunction. The State estimates the amount of alleged overpayments to the hospitals during the injunction period as approximately $26.7 million. The bonds posted are more than adequate to compensate the State Defendants for any harm resulting from the vacated injunction. It is proper for this court to direct the State Defendants to forego any existing recoupment procedure and seek remuneration for the vacated injunction via an injunction bond proceeding.

## III. CONCLUSION

For the reasons set forth above, the court granted, on May 22, 1995, plaintiff's Expedited Motion for a Ruling on the Proper Disposition of Injunction Payments and for an Immediate Stay of Recoupment of Injunction Payments and issued a preliminary injunction enjoining the State Defendants from recouping payments made under the court's vacated March 30, 1994 preliminary injunction until such time as the court can decide the proper disposition of those payments.